UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

TERESA EVERETT, :
          Plaintiff, : CIVIL ACTION NO. 3:14-CV-2128
           :
          v. : (Judge Kosik)
           :
JOSEPH C. LAWRENCE, :
          Defendant. :

**MEMORANDUM**

Before the court is the Motion to Dismiss (Doc. 7) of Defendant, Joseph C. Lawrence. For the reasons which follow, the Motion to Dismiss will be granted in part and denied in part.

BACKGROUND

Plaintiff, Teresa Everett, filed a Complaint in the instant action on November 6, 2014. In the Complaint, Plaintiff claims that Defendant, Joseph C. Lawrence, a Borough of Lehighton Police Officer, violated her rights, pursuant to 42 U.S.C. §1983, through an Illegal Arrest (Count I), Excessive Usage of Force (Count II), and Constitutional Right to Trial (Count III).

On December 1, 2014, Defendant filed a Motion to Dismiss (Doc. 7), and on December 15, 2014, a Brief in Support thereof (Doc. 8). On December 26, 2014, Plaintiff filed a Brief in Opposition to Defendant's Motion to Dismiss (Doc. 9). On January 9, 2015, Defendant filed a Reply Brief (Doc. 10).

STANDARD OF REVIEW

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for the dismissal of complaints that fail to state a claim upon which relief can be granted.

Fed. R. Civ. P. 12(b)(6). When ruling on a motion to dismiss under Rule 12(b)(6), the court must "accept as true all [factual] allegations in the complaint and all reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the plaintiff." Kanter v. Barella, 489 F.3d 170, 177 (3d Cir. 2007)(quoting Evancho v. Fisher, 423 F.3d 347, 350 (3d Cir. 2005)). Although the court is generally limited in its review to the facts contained in the complaint, it "may also consider matters of public record, orders, exhibits attached to the complaint and items appearing in the record of the case." Oshiver v. Levin, Fishbein, Sedran & Berman, 38 F.3d 1380, 1384 n. 2 (3d Cir. 1994); see also In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1426 (3d Cir. 1997).

Federal notice and pleading rules require the complaint to provide "the defendant notice of what the ... claim is and the grounds upon which it rests." Phillips v. Cty. of Allegheny, 515 F.3d 224, 232 (3d Cir. 2008)(quoting Bell Atl. Corp v. Twombly, 550 U.S. 544, 555 (2007)). To test the sufficiency of the complaint in the face of a Rule 12(b)(6) motion, the court must conduct a three-step inquiry. See Santiago v. Warminster Twp., 629 F.3d 121, 130-31 (3d Cir. 2010). In the first step, "the court must 'tak[e] note of the elements a plaintiff must plead to state a claim.'" Id. (quoting Ashcroft v. Iqbal, 556 U.S. 662, 675 (2009)). Next, the factual and legal elements of a claim should be separated; well-pleaded facts must be accepted as true, while mere legal conclusions may be disregarded. Id.; see also Fowler v. UPMC Shadyside, 578 F.3d 203, 210-11 (3d Cir. 2009). Once the well-pleaded factual allegations have been isolated, the court must determine whether they are sufficient to show a "plausible claim for relief." Iqbal, 556 U.S. at 679 (citing Twombly, 550 U.S. at 556); Twombly, 550 U.S. at 555 (requiring plaintiffs to allege facts sufficient to "raise a right to relief above the speculative level"). A claim "has facial plausibility when the plaintiff pleads factual content that allows the court to

draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678.

DISCUSSION

In the Complaint, Plaintiff alleges that on or about June 18, 2014, Defendant, Officer Lawrence, responded to a disturbance call at Plaintiff's residence, but upon his arrival, he observed a peaceful and harmonious environment. Defendant asked Plaintiff for identification without entering the house and while standing on the porch. Plaintiff handed her photo identification to Defendant through an open door. As Plaintiff was handing Defendant her identification through the door, Defendant grabbed Plaintiff by the arm, pulled her outside of the residence and tackled her onto the ground. In Count I, Plaintiff alleges that Defendant had no probable cause to arrest Plaintiff and that the arrest was illegal in violation of the Fourth and Fourteenth Amendments. In Count II, Plaintiff alleges that Defendant's conduct involved excessive use of force directed against Plaintiff's person in violation of the Fourth, Eighth and Fourteenth Amendments. In Count III of the Complaint, Plaintiff alleges that after the incident of June 18, 2014, Defendant filed a Summary Offense of Disorderly Conduct against Plaintiff and that Plaintiff plead Not Guilty to the charge. Thereafter, Plaintiff was contacted by the Chief of Police and advised to meet with Defendant. Defendant appeared at Plaintiff's residence and threatened her with additional charges unless she pleaded guilty. After conferring with counsel, Plaintiff changed her plea to Guilty to get the benefit of Double Jeopardy. Plaintiff alleges that the threat by Defendant to increase the charges violated Plaintiff's right to Due Process protected by the Fourteenth Amendment, her right to "ascertan" of counsel and right to trial guaranteed by the Sixth Amendment.

In the Motion to Dismiss, Defendant argues that he is shielded from liability based on his entitlement to qualified immunity. In opposition, Plaintiff argues that

Defendant is not entitled to qualified immunity in that Defendant's conduct clearly violated the law and that the law was clearly established when the alleged violation occurred.

Qualified immunity protects government officials who are performing discretionary functions by shielding these officials "from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982). "In addition, and particularly in § 1983 cases involving alleged violations of the Fourth Amendment, the Supreme Court has emphasized that the inquiry is whether a reasonable officer could have believed that his or her conduct was lawful, in light of the clearly established law and the information in the officer's possession." Sharrar v. Felsing, 128 F.3d 810, 826 (3rd Cir. 1997). In considering whether qualified immunity applies, a court may perform a two-step sequence[1] announced by the Supreme Court in Saucier v. Katz, 533 U.S, 194, 200 (2001). A court must first decide whether the facts alleged by the plaintiff make out a violation of a constitutional right. Saucier, 533 U.S. at 201. If a violation has occurred, then the court must decide whether the right was clearly established. Id.

The main thrust of Plaintiff's constitutional rights violations concerns an illegal arrest and the use of excessive force against her. An excessive force claim is construed as an unreasonable seizure under the Fourth Amendment as applied to section 1983 claims. To state this claim, a plaintiff is required to show that a seizure occurred and that the seizure was unreasonable. Ansell v. Ross Twp., 419 Fed. Appx. 209, 212 (3d Cir. 2011). A seizure that triggers the Fourth Amendment's protections "occurs only when government actors have, 'by means of physical force

---

[1]Overruled in part by Pearson v. Callahan, 555 U.S. 223, 236 (2009) (Relaxed the two step process by no longer requiring courts to determine the prongs in sequential order. While this two step process is no longer mandatory, it is often appropriate and beneficial.).

or show of authority...in some way restrained the liberty of a citizen.'" Graham v. Connor, 490 U.S. 386, 395, n. 10 (1989) citing Terry v. Ohio, 392 U.S. 1, 19, n. 16 (1968). Deciding whether a particular seizure is reasonable requires "a careful balancing of 'the nature and quality of the intrusion on the individual's Fourth Amendment interests' against the countervailing governmental interests at stake." Id. (internal citations omitted). Three factors relevant to this balancing test include (1) the severity of the crime at issue; (2) whether the suspect poses an immediate threat to the safety of the officers or others; and (3) whether he is actively resisting arrest or attempting to evade arrest by flight. Id. The Third Circuit Court of Appeals has also provided additional relevant considerations when deciding whether excessive force was used, including "the duration of the action, whether the action takes place in the context of effecting an arrest, the possibility that the suspect may be armed, and the number of persons with whom the police officer must contend at one time." Sharrar v. Felsing, 128 F.3d 810, 822 (3d Cir. 1997). Accepting as true all factual allegations in the Complaint and all reasonable inferences that can be drawn, and viewing them in the light most favorable to Plaintiff, the arrest and use of force by Defendant on the day in question may be found to be excessive under the objective standards of reasonableness. As such, Defendant cannot be granted qualified immunity on these grounds. Accordingly, we find that Defendant is not entitled to qualified immunity at this stage[2].

      Defendant also argues that Count I (illegal arrest) and Count II (excessive use of force) should be dismissed since Plaintiff failed to state a cause of action against Defendant. As we indicated above, in ruling on a Motion to Dismiss under Fed. R. Civ. P. 12(b)(6), we must accept as true, all factual allegations in the Complaint, and all reasonable inferences that can be drawn from them, and view them in the light

---

[2]We note that many of the cases cited by Defendant were resolved at the summary judgment stage.

most favorable to Plaintiff. In doing so in the instant action, we find that the Complaint sets forth a plausible claim for relief. Thus, we will deny Defendant's Motion to Dismiss Count I and Count II.

Defendant also argues that Count III of the Complaint should be dismissed. Specifically, Defendant argues that Plaintiff has failed to state a Sixth Amendment claim against the Defendant. Plaintiff has failed to oppose Defendant's arguments as to Count III. Moreover, we agree with Defendant's arguments that Plaintiff has failed to set forth a claim for denial of her right to ascertan counsel or for denial of a right to trial. Accordingly, we will grant Defendant's Motion to Dismiss Count III of the Complaint.

Finally, Defendant argues that Plaintiff's claim for punitive damages should be dismissed. In accepting the facts set forth in the Complaint as true, we do not believe there is a sufficient record to address the issue of punitive damages at this time. Accordingly, the Defendant's Motion to Dismiss will be denied.